NO. 07-05-0222-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 27, 2006

_____

RANDY  BRAZEAL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 16715-A; HON. JOHN B. BOARD, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Randy Brazeal appeals his conviction of theft of property of the value of $1500 or more but less than $20,000.  His appointed counsel has moved to withdraw after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he has searched the record and found no arguable grounds for reversal.  The brief indicates that appellant was informed of his right to review the

record and file his own brief. So too did we inform appellant that any response or brief he cared to file had to be filed by January 26, 2006. To date, appellant has neither filed a *pro se* response nor moved for an extension of time.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two potential areas for appeal. They involve 1) whether the punishment evidence was sufficient to support a finding of "true" to the two enhancement paragraphs of the indictment, and 2) whether trial counsel was ineffective. However, appellate counsel then explained that even though the pen packet for one of the alleged offenses is not in the record, appellant's plea of "true" is sufficient to support the court's finding. Counsel also explained that the record does not reveal that trial counsel failed to assist his client in determining whether to plead true to the enhancements and therefore a finding of ineffective assistance cannot be made. We have also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review shows that the evidence presented during the bench trial is sufficient to sustain the conviction and that the punishment assessed was within the range permitted by law. We have found no arguable issue warranting reversal.

Accordingly, the motion to withdraw is granted and the judgment of the trial court is affirmed.

Per Curiam

Do not publish.